UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, MARK WILLIAMS, XAVIER CASTRO,<br><br>Defendants. | No. 2:19-cv-935-TLN-EFB PS<br><br>ORDER AND ORDER TO SHOW CAUSE |

Defendant California Department of Social Services ("DSS") filed a motion to dismiss plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which it noticed for hearing on July 31, 2019. ECF No. 13. In response, plaintiff filed a second amended complaint. ECF No. 15. Plaintiff, however, did not file an opposition to DDS's motion to dismiss. Nor has he sought leave to amend his complaint.[1]

Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the

---

[1] Because plaintiff previously amended his complaint as a matter of course, he may not again amend his complaint absent written consent from defendants or leave of court. *See* Fed. R. Civ. P. 15(a). Accordingly, the court will construe plaintiff's second amended complaint as a motion for leave to amend the complaint.

1

Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendant DSS's motion to dismiss is continued to September 11, 2019 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiffs shall show cause, in writing, no later than August 28, 2019, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to defendant's motion.

3. Plaintiffs shall file an opposition to DSS's motion, or a statement of non-opposition thereto, no later than August 28, 2019.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendant DSS may file a reply to plaintiff's opposition, if any, on or before September 4, 2019.

6. Plaintiff's second amended complaint (ECF No. 15) is construed as a motion for leave to amend the complaint, and the motion is set for hearing on September 11, 2019.

7. Defendant DSS shall file an opposition to plaintiff's motion for leave to amend the complaint, or a statement of non-opposition thereto, no later than August 28, 2019.

/////
/////
/////

2

8. Plaintiff may file a reply to DSS's opposition, if any, on or before September 4, 2019.

DATED: July 30, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3