UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | No. 2:19-cv-935-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, MARK WILLIAMS, XAVIER CASTRO, | |
| Defendants. | |

Several motions are pending in this action, which are addressed herein[1]:

1. Defendant California Department of Social Services' ("DSS") motion to dismiss plaintiff's first amended complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6), and to strike plaintiff's second amended complaint pursuant to Rule 12(f) (ECF No. 13);

2. Plaintiff's motions for injunctive relief (ECF Nos. 6, 14, 23);

3. Plaintiff's motions to amend the complaint[2];

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Since amending his complaint as a matter of course (*see* Fed. R. Civ. P. 15(a)), plaintiff has filed—without defendants' consent or leave of court—four additional amended complaints. ECF Nos. 9, 15, 22, 30. The court construes these amended complaints as motions for leave to

1

1.    4.   Plaintiff's motion to compel discovery (ECF No. 16).

Also pending is the court's July 30, 2019 order directing plaintiff to show cause why sanctions should not be imposed for failure to timely respond to DSS's motion to dismiss (ECF No. 17).

For the following reasons, the order to show cause is discharged and no sanctions are imposed. Further, it is recommended that DSS's motion to dismiss be granted and the remaining motions be denied.[3]

I.     Order to Show Cause

DSS originally noticed its motion for hearing on July 31, 2019. In violation of Local Rule 230(c), plaintiff failed to timely respond to the motion. Accordingly, the hearing on the motion was continued and plaintiff was ordered to show cause why sanctions should not be imposed for his failure to timely respond to the motion. ECF No. 17. Plaintiff was also ordered to file an opposition or statement of non-opposition to the pending motion.

In response, plaintiff filed an opposition (ECF No. 18) and a document entitled "Cause of Action" (ECF No. 19), which are collectively construed as plaintiff's opposition. Plaintiff, however, has made no attempt to show cause why sanctions should not be imposed. Nevertheless, in light of his pro se status, the order to show cause is discharged without the imposition of sanctions.

II.     DSS's Motion to Dismiss

    A.     Background

Plaintiff's first amended complaint primarily concerns the medical treatment provided to plaintiff's mother, which plaintiff perceives to be deficient. ECF No. 7. Plaintiff alleges that in May 2019, his mother was hospitalized after she was assaulted. *Id*. at 1. He claims, however,

---

amend the complaint.

[3] Because the court determined that oral argument would not be of material assistance to the court in resolving DSS's motion, it was submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g). ECF No. 28. Plaintiff failed to notice his motions for hearing in violation of Local Rules 230(c) and 251(a). Nevertheless, the court finds it appropriate to resolve each motion on the briefs and without oral argument.

that the county conservator appointed to his mother told hospital staff that there was no evidence of an assault, and that the mother's statements to the contrary should not be believed since she was under the influence of psychotropic medications. *Id*. The conservator also allegedly concealed "abuses and unlawful medication administration by unlicensed staff" and attempted to depict plaintiff "as a criminal and a liar" in an effort to disparage plaintiff's mother. *Id*. As far as the court can discern, plaintiff purports to allege state law claims for fraud, defamation, and attempted murder, but the factual basis for each of these claims is less than clear. *Id*. at 1-2.

DSS now moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 13-1. The court agrees that dismissal is appropriate for lack of subject matter jurisdiction. Accordingly, it declines to address whether plaintiff's allegations fail to state a claim.

B.  Rule 12(b)(1)

A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of

subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id*. If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

Conversely, a factual attack, often referred to as a "speaking motion," challenges the truth of the allegations in the complaint that give rise to federal jurisdiction and the court does not presume those factual allegations to be true. *Thornhill*, 594 F.2d at 733. Although the court may consider evidence such as declarations or testimony to resolve factual disputes, *id*.; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), genuine disputes over facts material to jurisdiction must be addressed under Rule 56 standards. "[W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

Here, DSS advances a facial attack, arguing that plaintiff's allegations demonstrate the absence of subject matter jurisdiction. ECF No. 13-1 at 5-6.

/////
/////
/////
/////
/////

4

C.  Discussion

DSS argues that the court lack subject matter jurisdiction because plaintiff onlyalleges state law claims and the first amended complaint fails to establish diversity of the parties. ECF No. 13-1 at 5-6.[4] It further argues that plaintiff lacks standing to assert his claims against DSS.

Liberally construed, the first amended complaint purports to allege state law claims for fraud, defamation, and "attempted murder." But plaintiff does not demonstrate that the parties' citizenship is diverse, thereby failing to establish diversity jurisdiction over his claims. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (plaintiff must specifically allege the diverse citizenship of all parties to invoke diversity jurisdiction). Instead, the first amended complaint states that plaintiff's address is 1200 North B Street, Sacramento, California. ECF No. 7 at 1. Moreover, his original complaint alleged that he is a citizen of California. ECF No. 1 at 3. DSS, as an agency of the State of California, is also a California citizen for purposes of diversity jurisdiction. *See Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). Accordingly, diversity of citizenship is absent.

The amended complaint also does not allege a federal claim that could support supplemental jurisdiction over plaintiff's state law claims. The only federal statute referenced in the amended complaint is the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), which does not provide a private right of action. *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009).

Moreover, the amended complaint fails to demonstrate plaintiff has standing to assert his claims against DSS. Standing is an element of subject matter jurisdiction. *Warren v. Fox Family Worldwide*, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003). The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the

/////

---

[4] DSS also argues that dismissal is appropriate because plaintiff's claims are barred under the Eleventh Amendment and the first amended complaint fails to state sufficient factual allegations to state a claim. ECF No. 13-1 at 6-10. Because dismissal is appropriate for lack of subject matter jurisdiction, the court declines to reach the merits of these arguments.

Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing three elements must be satisfied:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court. Third it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (internal citations and quotation marks omitted).

The first amended complaint is devoid of any allegations suggesting plaintiff sustained an injury that is fairly traceable to DSS. In fact, the first amended complaint contains no allegations concerning DSS. Even if the court were to assume that DSS is responsible for the acts of the conservator—an assumption that is not supported by plaintiff's allegation—any injury caused by the conservator would have been sustained by plaintiff's mother, not plaintiff.[5]

Accordingly, the first amended complaint must be dismissed for lack of subject matter jurisdiction. The dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). As discussed further below, plaintiff has filed several amended complaints that also demonstrate that this court lacks jurisdiction over plaintiff's claims.

/////

/////

/////

---

[5] To the extent plaintiff seeks to assert claims on behalf of his mother, dismissal is still appropriate. Plaintiff is not an attorney and therefore is not permitted to represent the interest of his mother. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

III. Plaintiff's Motions to Amend the Complaint

After plaintiff filed his first amended his complaint, he proceeded to file four additional complaints. ECF Nos. 9, 15, 22, 30.[6]

Because plaintiff had already amended his complaint as a matter of course, he may only amend his complaint with defendants' consent or leave of court. *See* Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

The allegations in the proposed second, third, fourth, and fifth amended complaints are limited to the medical treatment provided to plaintiff's mother. *See* ECF Nos. 9, 15, 22, 30. Like the first amended complaint, these complaints fail to allege that plaintiff sustained an injury traceable to the actions of DSS or any other individual or entity. Consequently, these complaints also fail to establish that plaintiff has standing. Accordingly, granting plaintiff leave to amend would be futile, and his motion to amend should be denied. *See Noll*, 809 F.2d at 1448.

IV. Remaining Defendants

The remaining defendants, Mark Williams and Xavier Castro, have not appeared in this action, much less moved for dismissal. Notwithstanding this fact, *sua sponte* dismissal of the claims against these defendants for lack of subject matter jurisdiction is also appropriate. None of the complaints filed in this action contain allegations demonstrating plaintiff sustained an injury that can be traceable to these two defendants. Instead, the limited allegations against these individuals concern the medical treatment provided to plaintiff's mother. Accordingly, plaintiff

---

[6] DSS moves to strike and/or dismiss plaintiff's second amended complaint. ECF No. 26. Because there is no basis for allowing plaintiff to amend his complaint, DSS's motion is moot.

has not established standing to assert claims against Williams and Castro and they should be dismissed. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (court may dismiss claims *sua sponte* for lack of jurisdiction).[7]

V. Conclusion

Accordingly, it is hereby ORDERED that:

1. The July 30, 2019 order to show cause is discharged and no sanctions are imposed; and

2. Plaintiff's motion to compel discovery (ECF No. 16) is denied as moot.

Further, it is hereby RECOMMENDED that:

1. Defendant DSS's motion to dismiss plaintiff's complaint (ECF No. 13) be granted and all claims against defendant DSS be dismissed for lack of subject matter jurisdiction;

2. Plaintiff's motions to amend his complaint (ECF Nos. 9, 15, 22, 30) be denied;

3. Plaintiff's motions for injunctive relief (ECF Nos. 6, 14, 23) be denied as moot;

4. Plaintiff's claims against defendant Mark Williams and Xavier Castro be *sua sponte* dismissed for lack of subject matter jurisdiction; and

5. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

/////

---

[7] As noted above, plaintiff has also moved for injunctive relief (ECF Nos. 6, 14, and 23) and to compel discovery (ECF No. 16). Because this action must be dismissed for lack of subject matter jurisdiction, these motions must be denied as moot. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (A party must demonstrate a likelihood of success on the merits in support of the grant of preliminary injunctive relief).

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE